UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS X. McCAULEY, | No. 2:13-cv-2110 GGH P |
| Petitioner, | |
| v. | ORDER |
| RICK HILL, | |
| Respondent. | |

Petitioner is a state prisoner proceeding in pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] On August 19, 2014, this court issued an order granting respondent's January 6, 2014, motion to dismiss on the grounds that the action was barred by the statute of limitations. Judgment was entered at that time. On August 22, 2014, the Ninth Circuit Court of Appeals issued a decision which directly affects an issue in this case, i.e., that the mailbox rule applies when a prisoner, not the litigant, delivers a habeas petition to prisoner authorities on behalf of petitioner. Hernandez v. Spearman, ___ F.3d ___, 2014 WL 4115918 (9th Cir. Aug. 22, 2014). Hernandez reversed the district court case cited by respondent and relied upon by this court in assessing the statute of limitations period which had held the mailbox rule inapplicable. See Hernandez v. Dexter, 2009 WL 112918 (C.D. Cal. Jan. 14, 2009); Order,

---

[1] This action is before the undersigned pursuant to the parties' consent to proceed before a magistrate judge. 28 U.S.C. § 636(c).

1

1   filed August 19, 2014, at 3 n. 2.  In light of the potential effect that this recent decision may have
2   on this action, the court invites the parties to brief the issue of its applicability, but judgment must
3   first be vacated or amended.

4         The court may raise a Rule 59(e) motion to alter or amend the judgment *sua sponte* where
5   there is an intervening change in controlling law.  Zimmerman v. City of Oakland, 255 F.3d 734,
6   740 (9th Cir. 2001); Garcia v. Allstate Ins., 2013 WL 1737014, at *4 (E.D. Cal. Apr. 22, 2013).
7   "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the
8   judgment."  Fed. R. Civ. P. 59(e); Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir.
9   2011).  The court must provide notice and an opportunity to be heard under this rule.  Cristobal v.
10  Siegel, 2014 WL 3029144, at *4 (Guam Terr. Jul.7, 2014).

11        A court may grant relief from judgment under Rule 60(b) *sua sponte* when sufficient
12  reason exists, and the court provides notice and an opportunity to be heard.  Kingvision Pay-Per-
13  View Ltd. v. Lake Alice Bar, 168 F.3d 347, 351-52 (9th Cir. 1999) (*sua sponte* action by court
14  permissible for mistakes and inadvertence pursuant to Rule 60(b)(1)); Schwarzer, Tashima &
15  Wagstaffe, Federal Civil Procedure Before Trial, § 6:213.5 (2014) (Ninth Circuit permits district
16  court to act *sua sponte*); Swan View Coaltion v. U.S. Forest Service, 782 F.Supp.2d 1132, 1143
17  (D. Mont. 2011) (court may vacate order *sua sponte* under Rule 60(b)); Sperske v. Rosenberg,
18  2013 WL 3817067 at *4 (C.D. Cal. Jul. 23, 2013) (same).

19        In a similar case, the Supreme Court permitted a Rule 60(b)(6) challenge to a petition that
20  was dismissed as untimely based on an intervening change in the law.  Gonzalez v. Crosby, 545
21  U.S. 524, 125 S. Ct. 264 (2005).  Seven months after the district and appellate courts denied the
22  habeas petition as barred by the statute of limitations, the Supreme Court reversed a rule relied
23  upon by the court of appeals and issued a new rule, which, if it had been applied seven months
24  earlier, would have changed the outcome and rendered the petition timely.  The Supreme Court
25  ruled that a Rule 60(b)(6) motion was the proper vehicle to bring such a challenge.  Phelps v.
26  Alameida, 569 F.3d 1120 (9th Cir. 2009), contemplates that district courts may grant relief from a
27  final judgment under Rule 60(b)(6) where an appellate court's ruling in a case has been
28  subsequently abrogated.  See Phelps, 569 F.3d at 1128–29, 1141–42 (reversing the district court

1    for failing to grant the petitioner's Rule 60(b) (6) motion, which would have effectively reversed

2    the Ninth Circuit's previous determination that the petition was untimely).

3         Rule 59 (e) is an appropriate basis for the court to act.  Moreover, as the circumstances

4    here are similar to those presented in Gonzalez, Rule 60(b)(6) is also a proper means by which to

5    proceed.  The change in law which would shift the outcome of this case and permit petitioner to

6    proceed constitutes extraordinary circumstances and is a "reason that justifies relief."

7         Therefore, this court, on its own motion pursuant to the aforementioned rules vacates its

8    order and judgment, and will require the parties to brief the issue of an intervening change in the

9    law under Hernandez and its effect on this case.

10        Accordingly, IT IS HEREBY ORDERED that:

11      1. The order and judgment entered August 19, 2014 (ECF Nos. 24, 25) are vacated

12         pursuant to Fed. R. Civ. P. 60(b)(6);

13      2. The Clerk is directed to reopen this case; and

14      3. The parties shall file simultaneous briefs within fourteen days of this order concerning

15    the effect that Hernandez has on the outcome of the motion to dismiss.

Dated: August 27, 2014

                               /s/ Gregory G. Hollows

                           UNITED STATES MAGISTRATE JUDGE

GGH:076/McCa2110.brf