UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS X. McCAULEY, | No. 2:13-cv-2110 GGH P |
| Petitioner, | |
| v. | ORDER |
| RICK HILL, | |
| Respondent. | |

INTRODUCTION

Petitioner is a state prisoner proceeding in pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] On August 19, 2014, this court issued an order granting respondent's January 6, 2014, motion to dismiss on the grounds that the action was barred by the statute of limitations. Judgment was entered at that time. On August 22, 2014, the Ninth Circuit Court of Appeals issued a decision concerning the mailbox rule which may potentially affect this case. Hernandez v. Spearman, 764 F.3d 1071 (9th Cir. 2014). As a result, the undersigned vacated its previous order and judgment, and directed the parties to brief the applicability of Hernandez to this action and its effect on respondent's motion to dismiss. The parties have now filed their briefs. (ECF Nos. 27, 30.)

---

[1] This action is before the undersigned pursuant to the parties' consent to proceed before a magistrate judge. 28 U.S.C. § 636(c).

1

DISCUSSION

Days after respondent's motion to dismiss was granted and this case dismissed, the Ninth Circuit Court of Appeals issued a decision which directly affects an issue in this case, i.e., that the mailbox rule applies when a prisoner, not the litigant, delivers a habeas petition to prisoner authorities on behalf of petitioner. Hernandez v. Spearman, 764 F.3d 1071 (9th Cir. 2014). Hernandez reversed the district court case cited by respondent and relied upon by this court in assessing the statute of limitations period which had held the mailbox rule inapplicable in such instances. See Hernandez v. Dexter, 2009 WL 112918 (C.D. Cal. Jan. 14, 2009); Order, filed August 19, 2014, at 3 n. 2.

In his brief addressing the new Ninth Circuit opinion, respondent asserts that Hernandez benefits petitioner only with respect to the number of days granted to him during the pendency of his first state petition, but does not change the result as the petition is still untimely. Petitioner contends that the court should apply Hernandez to his first and third petitions, referencing both the motion to dismiss and the court's order indicating that the petition was six days late, and that this lateness would be cured by Hernandez.[2]

Hernandez changes the "filed" date of the first state habeas petition. The court's order previously noted that the superior court habeas petition was filed on December 14, 2012. (ECF No. 24 at 2.) According to the most recent Hernandez opinion, the filed date of that petition is now November 28, 2012, the date on the proof of service of that petition, prepared by petitioner's fellow inmate. (Res't's Lod. Doc. 5.) Therefore, only 343 days passed between the date the conviction became final on December 20, 2011, and November 28, 2012, the date the first state habeas petition was filed. The 66 day time period from November 28, 2012 to February 1, 2013, when the state court issued its denial, was statutorily tolled. Therefore, 22 days remained before the statute expired on February 24, 2013. Petitioner filed his second state habeas petition on April 17, 2013, almost two months after the statute expired.

/////

---

[2] The second state habeas petition is not affected by Hernandez in that petitioner mailed the petition himself, and was already given the benefits of the mailbox rule.

The analysis with respect to the number of days that petitioner delayed after receiving the first state court denial on February 1, 2013 and the filing of his second state habeas petition does not change by virtue of the recent Hernandez ruling. Petitioner's reference to the petition being "six days late," concerns this court's discussion of interval or gap tolling during the period between the denial of petitioner's first habeas petition and his filing of the second state habeas petition. The court addressed this issue in its dispositive order, finding that based on an abundance of authority, this 74 day interval was an unreasonable delay and therefore interval tolling was not available. (ECF No. 24 at 9-11.) Noting, however, numerous cases for the proposition that a 74 day gap was not considered unreasonable, the court also stated:

> *even if* one gives petitioner the benefit of doubt with respect to gap tolling for the entire time from the denial of the Superior Court petition through the time the California Supreme Court denied the last state habeas petition (September 18, 2013), petitioner had only six days left in which to file his federal petition, i.e., until September 24, 2013. He did not file the federal petition until September 30, 2013, six days past the expiration of the limitations period. The limitations period expired prior to the time the federal petition was filed.

(Id. at 11.) (emphasis added.)

In their respective briefs, respondent assumes that gap tolling does not apply, while petitioner assumes that it does. The undersigned specifically held that gap tolling does not apply. (Id. at 11:13-14.) The court's pronouncement that "even if" gap tolling were to apply, the petition would be time barred, was simply an alternative analysis, i.e., *dicta* only. The court's decision in this respect has not changed. It is true that if gap tolling were found to be permissible here, the statute would be tolled for 74 days for this period, and for the entire period until the California Supreme Court denied the last state petition. In that instance, 22 days remained, and the federal petition filed September 30, 2013 would have been timely. Nevertheless, the undersigned has reviewed his prior analysis and finds no reason to change the decision on this point, or any other issue, aside from the application of Hernandez and its application of the mailbox rule to filings given to another prisoner for mailing.

/////

/////

Accordingly, the court finds that although <u>Hernandez</u> applies to affect the date of the filing of the first state habeas petition,[3] it does not change the result of the case, and the federal petition is still time barred. Therefore, the court affirms its original order, (ECF No. 24), except for the change in analysis mandated by <u>Hernandez</u> as set forth herein.

Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" <u>Morris v. Woodford</u>, 229 F.3d 775, 780 (9th Cir. 2000) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L.Ed.2d 542 (2000)). The court finds that a certificate of appealability should issue in this case.

<u>CONCLUSION</u>

Accordingly, for the reasons stated herein and in the order issued August 19, 2014, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss, filed January 6, 2014, (ECF No. 8), is granted; and

2. The court issues the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated: December 13, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/McCa2110.sl.hc

---

[3] Although <u>Hernandez</u> would have affected the filing date of the third state habeas petition, (res't's lod. doc. 9), without the availability of gap tolling, the statute of limitations expired prior to the time petitioner filed that petition. Therefore the court has not analyzed the applicability of <u>Hernandez</u> to that petition.